| | |
|---|---|
| HUGO ERNESTO CHAVES,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Case No.: 3:13-CV-498 |
| | ) |
| BANK OF AMERICA, N.A., BANK OF<br>AMERICA, CORP. and WELLS FARGO<br>BANK, N.A., AS TRUSTEE FOR THE<br>CERTIFICATE HOLDERS OF THE<br>MLMI TRUST, MORTGAGE LOAN<br>ASSET-BACKED CERTIFICATES,<br>SERIES 2005-FMI ("Noteholder") now<br>Named Bank of America, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
|     Defendants, | ) |

## MEORANDUM OPINION

Plaintiff, Hugo Ernesto Chaves ("Mr. Chaves"), has brought this cause of action alleging that Bank of America, N.A. and its affiliates ("Bank of America") have violated the National Mortgage Settlement ("the Consent Judgment") by refusing to renegotiate his second mortgage.

The Consent Judgment is a joint federal-state settlement that was entered into between the United States Department of Justice, the United States Department of Housing and Urban Development, the attorneys general of forty-nine states, and the United States' five largest mortgage servicers, including Bank of America. *See Pugh v. Bank of America*, No. 13-2020, WL 3349649, at *5 (W.D. Tenn. July 2, 2013). The Consent Judgment was intended to provide relief to homeowners whose loans were improperly serviced, resulting in numerous foreclosures that otherwise may have been prevented.

1

Mr. Chaves, appearing *pro se*, alleges that Bank of America violated the Consent Judgment when it refused to renegotiate his second mortgage. He has sued Bank of America, seeking to have his second mortgage renegotiated.

## I. Factual Background

Mr. Chaves currently has a first and second mortgage, through Bank of America, on a home he owns in Miami, Florida. On the date of the filing of this lawsuit the amount outstanding on his first loan totaled $219,562; the second loan totaled $66,086.

Mr. Chaves is unemployed and no longer able to make the appropriate monthly payments on the loans. In an attempt to prevent foreclosure, Mr. Chaves worked with Bank of America to renegotiate his first mortgage into a more manageable monthly payment. Mr. Chaves also cannot afford to pay his second mortgage. He contacted Bank of America requesting that it modify his second mortgage, and Bank of America refused. Bank of America stated that Mr. Chaves's second mortgage was not eligible for lien modification because, "it was simply servicing his loan on behalf of a group of investors who had not given Bank of America the contractual authority to modify the loan." Bank of America contends that Mr. Chaves's loan does not meet the requirements for loan modification under the Consent Judgment.

Bank of America has moved to dismiss Mr. Chaves's complaint contending that it is not obligated to modify Mr. Chaves's second mortgage. Bank of America asserts that Mr. Chaves, as a third-party beneficiary of the Consent Judgment, lacks standing to enforce it. Bank of America further contends that under Tennessee law Mr. Chaves is neither an intended nor an incidental third-party beneficiary of the Consent Judgment. Accordingly, Bank of America has

2

filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim [R. 11].

## II.   Standard for Rule 12(b)(6) Dismissal

Rule 8(a)(2), of the Federal Rules of Civil Procedure, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In the absence of such statement, Federal Rule of Civil Procedure 12(b)(6) states that a complaint can be dismissed for "failure to state a claim upon which relief can be granted."  "The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Bihn v. Fifth Third Mortg. Co.*, 3:13-CV-00057, 2013 WL 5882063 (S.D. Ohio Oct. 30, 2013)(citing *Nishiyama v. Dickson Cnty., Tenn.,* 814 F.2d 277, 279 (6th Cir.1987)).

The United States Supreme Court further clarified the Rule 12(b)(6) pleading standard in 2007, and again in 2009, when it issued its opinions in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In *Twombly* the United States Supreme Court held that a plaintiff's allegations must "raise a right to relief above the speculative level," and must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.  *Ashcroft v. Iqbal* further echoed the *Twombly* "plausibility" standard by clarifying that "while legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal* 556 U.S. at 644.  In the absence of any factually plausible allegations, Rule 12(b)(6) dismissal is proper.

3

### III. Analysis

**A. The Plaintiff does not have enforcement rights under the National Mortgage Settlement**

"On March 12, 2012, the United States Department of Justice and the attorneys general of forty-nine states and the District of Columbia filed a joint complaint against five mortgage servicers, . . . alleging various foreclosure abuses." *Rehbein v. CitiMortg., Inc.*, 937 F. Supp. 2d 753, 760-61 (E.D. Va. 2013). Shortly after the complaint was filed, the parties reached a settlement, which was memorialized by a Consent Judgment. *Id.* at 761. The Consent Judgment was intended to correct various abuses and illegal practices between mortgage servicing companies and mortgagors. Specifically, the Consent Judgment focused on situations where homeowners were foreclosed upon by a process known as "robo-signing" whereby mortgage servicing companies signed thousands of foreclosure affidavits without individually reviewing them for accuracy.

Consent Judgments are "construed as contracts for purposes of enforcement." *United States v. FMC Corp.,* 531 F.3d 813, 819 (9th Cir. 2008). Therefore, "a consent [judgment], like a contract, must be discerned within its four corners." *Jurewitz v. Bank of Am., N.A.*, 938 F. Supp. 2d 994, 997 (S.D. Cal. 2013). The United States Supreme Court has held that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750, (1975). Consequently, in order for Mr. Chaves to be able to enforce the Consent Judgment, he would have to be a direct party to it. The record is devoid of any evidence that Mr. Chaves was a party to the Consent Judgment, as a result, he lacks standing to enforce it.

Furthermore, Mr. Chaves, as an incidental third-party beneficiary, lacks standing to enforce the Consent Judgment. Numerous courts have held that ordinary borrowers are not direct parties to the Consent Judgment. *See Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 131 (D.D.C. 2013) (holding that the "Consent Judgment simply does not create a private right of action allowing third parties, such as the plaintiff, to bring claims for alleged violations of the Judgments."); *Jurewitz v. Bank of Am., N.A.*, 938 F. Supp. 2d 994, 998 (S.D. Cal. 2013) (stating that, "[t]he Consent Judgment contains no provisions referencing the possibility of an enforcement proceeding brought by an individual borrower as a third-party beneficiary."); *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 762 (E.D. Va. 2013) (holding that the Consent Judgment specifies that "[a]ny enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee. Third-party borrowers are conspicuously absent from this list.") Consequently, ordinary borrowers lack standing to enforce the Consent Judgment.

Additionally, the Consent Judgment provides a specific forum for the appropriate parties to litigate Consent Judgment claims. The Consent Judgment states that "obligations under th[e] Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia," and that enforcement may only "be brought by any Party to th[e] Consent Judgment or the Monitoring Committee." *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 131 (D.D.C. 2013). Therefore, not only does Mr. Chaves lack standing to enforce his claim, but this court is an inappropriate venue to enforce the Consent Judgment.

Finally, the Consent Judgment provides Bank of America with loan modification metrics that it must meet on a quarterly basis [R. 11, Ex. E, at pp.14-15. §D.1.] The Consent Judgment does not obligate Bank of America to modify or dispose of any particular individual's loan.

5

Case 3:13-cv-00498-PLR-HBG   Document 22   Filed 07/03/14   Page 5 of 9   PageID #: 186

Even though the United States Government intended third-parties to benefit from the Consent Judgment, it did not intend for those individuals to independently enforce it**.** [R. 11, Ex. E, at pp.14-15. §J.2.] Accordingly, because Mr. Chaves was not a party to the Consent Judgment, he has no standing to enforce it. Therefore, Mr. Chaves's claim for a violation of the Consent Judgment fails as a matter of law and will be dismissed.

    **B. Under Tennessee law, the Plaintiff is neither an intended nor incidental third-party beneficiary of the Consent Judgment.**

Assuming that Mr. Chaves's complaint asserts third-party beneficiary status, under Tennessee law he is neither an "intended" nor "incidental" third-party beneficiary of the Consent Judgment. Contracts "are presumed to be executed for the benefit of the parties thereto and not third persons." *Owner-Operator Indep. Drivers Ass'n., v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001) (quoting *Oman Constr. Co. v. Tennessee Cent. Ry. Co.,* 370 S.W.2d 563, 572 (1963)). Moreover, under traditional rules of contracting, parties to a contract have a right to enforce it, but incidental beneficiaries do not. *Owner-Operator Indep. Drivers Ass'n.,* 59 S.W.3d at 68. Incidental third-party beneficiaries only gain a right to enforce a contract, if the intent for them to do so is clear and direct. *Id.* Therefore, in order for Mr. Chaves to be able to enforce the Consent Judgment he would have to show that he was either an "intended" beneficiary or an "incidental" third party beneficiary with enforcement rights.

Mr. Chaves was not an "intended" beneficiary of the Consent Judgment. Tennessee law states that, "in order to maintain an action as an intended beneficiary, a third-party must show: (1) a valid contract was made upon sufficient consideration between the principal parties; and (2) clear intent to have the contract operate for the benefit of a third party." *First Tenn. Bank Nat'l Ass'n v. Thoroughbred Motor Cars, Inc.,* 932 S.W.2d 928, 930 (Tenn.Ct.App.1996) (citing

6

*United American Bank of Memphis v. Gardner,* 706 S.W.2d 639, 641 (Tenn.Ct.App.1985)). Evidence that the benefit is intended to flow to the third party must be clear and direct. *Owner-Operator Indep. Drivers Ass'n.,* 59 S.W.3d at 69. Accordingly, Mr. Chaves would have to prove, via clear and direct evidence, that he was an intended beneficiary of the Consent Judgment. The record is devoid of any evidence indicating that Mr. Chaves was an intended third-party beneficiary to the Consent Judgment.

Furthermore, under Tennessee law, Mr. Chaves is not an "incidental" third-party beneficiary to the Consent Judgment. The Tennessee Supreme Court has held that, "an incidental beneficiary is a beneficiary who is not an intended beneficiary." *Owner-Operator Indep. Drivers Ass'n.,* 59 S.W.3d at 69-70. Specifically, "[i]f . . . the benefit flowing to the third party is not intended, but is merely incidental, the third party acquires no right to enforce the contract**."** *Id.* at 68**.** Evidence of intent to confer a benefit on a third-party must be clear and direct. *Abraham v. Knoxville Television, Inc.,* 757 S.W.2d 8, 11 (Tenn.Ct.App.1988). "It must appear, in order that a third person may derive a benefit from a contract between two other parties, that the contract was made and entered into directly or primarily for the benefit of such third person." *Owner-Operator Indep. Drivers Ass'n.,* 59 S.W.3d at 69 (citing *Abraham v. Knoxville Television, Inc.,* 757 S.W.2d 8, 11 (Tenn.Ct.App.1988)). Accordingly, the intent of the contracting parties must be examined to determine whether Mr. Chaves is an intended third-party beneficiary of the Consent Judgment.

The intent of the Consent Judgment was to provide aid to distressed homeowners and to provide protections to consumers from harmful mortgage servicing practices. *Rehbein* 937 F. Supp. 2d at 761. Compliance with the Consent Judgment is determined by various metrics that the judgment identifies, and not by any individual borrower's situation. [ R. Doc 11, Ex. E, at

7

pp.14-15. §D.1.]  Specifically, the Consent Judgment provides quarterly statistics that the independent monitor can use to measure compliance with the terms of the Consent Judgment. *Id*. The monitor then reports on the quarterly statistics and if necessary provides the parties to the Consent Judgment with a plan to cure any metrics that exceed the approved error threshold. [ R. Doc 11, Ex. E, at pp.14-15. §E.2.]  The Consent Judgment does not allow for individual borrowers to enforce compliance with the terms of the agreement. *Id.*  Therefore, it is clear from the express terms of the Consent Judgment that individual borrowers are not incidental third-party beneficiaries with enforcement rights.  Accordingly, individual borrowers lack standing to enforce the Consent Judgment.

Finally, the Consent Judgment is only to be enforced in the United States District Court for the District of Columbia.  The Consent Judgment explicitly states, "[a]n enforcement action under this Consent Judgment may be brought by any party to this Consent Judgment or the Monitoring Committee." [ R. Doc 11, Ex. E, at pp.14-15. §J.2.]  The monitor may enforce the judgment, but only in U.S. District Court for the District of Columbia. [ R. Doc 11, Ex. E, at pp.14-15. §J.2.]  Therefore, it is clear from the terms of the Consent Judgment that any violation of the Consent Judgment must be brought by the assigned monitor in the U.S. District Court for the District of Columbia.  Consequently, Mr. Chaves's claim for a violation of the Consent Judgment fails as a matter of law and will be dismissed.

## IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 11] is **GRANTED**. Plaintiff's complaint is dismissed in its entirety.

**Enter:**

_____
**UNITED STATES DISTRICT JUDGE**

9

Case 3:13-cv-00498-PLR-HBG   Document 22   Filed 07/03/14   Page 9 of 9   PageID #: 190